S. R. PATTERSON v. SWAIN COUNTY.

(Filed 18 September, 1935.)

1. **Appeal and Error K e—A new trial is awarded in this case for that the facts agreed are insufficient for review of judgment.**

Where, in an action by a sheriff to recover compensation for transportation of prisoners under the provisions of C. S., 3908, it does not appear from the facts agreed how many prisoners were conveyed to jails in other counties by the sheriff or how many miles such prisoners were conveyed, a new trial will be awarded on appeal in order that the facts necessary to a determination of the question may be found and a proper adjudication made thereon.

**2. Sheriffs B d—**

Under the provisions of C. S., 3908, a sheriff is entitled to compensation for conveying prisoners to the State Penitentiary, but such compensation is not to be computed upon a mileage basis.

**3. Sheriffs B b—Held: Sheriff was not entitled to fees under C. S., 8009, in addition to salary as tax collector.**

Plaintiff sheriff was paid a fixed salary for his services as tax collector under the provisions of ch. 329, Public-Local Laws of 1925. *Held:* His services in advertising and selling land for delinquent taxes, and preparing land-sale certificates, and entering land sales upon the land-sale register, were performed in pursuit of his duties as tax collector, and the sheriff is not entitled to receive, in addition to his salary, fees for such services under C. S., 8009.

APPEAL by defendant from *Alley, J.,* at August Term, 1935, of SWAIN.

*Moody & Moody for plaintiff, appellee.*
*Frye & Jones for defendant, appellant.*

SCHENCK, J.  In this case, which was heard upon an agreed statement of facts, two questions were presented, namely: (1) Is the plaintiff, as sheriff of Swain County, for transporting prisoners to the State Prison, other persons to other State institutions, and prisoners from one county to another, entitled to collect from said county, the defendant, ten cents per mile both ways, going and returning, or for only one way; and (2) is the plaintiff, as sheriff of Swain County, entitled to collect from said county, the defendant, in addition to his salary as tax collector, the fees allowed for advertising and selling land for delinquent taxes, for preparation of land-sale certificates, and for entering land sales upon landsale register, as provided by C. S., 8009? The court held that both questions should be answered in the affirmative, and entered judgment accordingly.

It appears from the record that both parties contended, and that the court made its adjudication upon the theory, that the answer to the first question presented depends upon an interpretation of C. S., 3908. We find that there is no reference in this statute to compensation for transporting persons other than prisoners to institutions other than jails and the penitentiary, that there is a provision for compensation for conveying prisoners to the penitentiary, but not upon a mileage basis, and that while there is a provision in the statute for payment for conveying a prisoner to jail to another county of ten cents per mile, there is no finding of fact of how many prisoners were conveyed to jails in other counties, or how.many miles such prisoners were conveyed.

The only portions of C. S., 3908, which relate to the transportation of prisoners or others by the sheriff read as follows: "Sheriffs shall be

allowed the following fees and expenses, and no other, namely: . . . Conveying a prisoner to jail to another county, ten cents per mile. For prisoner's guard, if any necessary, and approved by the county commissioners, going and returning, per mile for each, five cents. Expense of guard and all other expenses of conveying prisoner to jail, or from one jail to another for any purpose, or to any place of punishment, or to appear before a court or justice of the peace in another county, or in going to another county for a prisoner, to be taxed in the bill of costs and allowed by the board of commissioners of the county in which the criminal proceedings were instituted. . . . For conveying prisoners to the penitentiary, two dollars per day and actual necessary expenses; also one dollar a day and actual necessary expenses for each guard, not to exceed one guard for every three prisoners, as the sheriff upon affidavit before the clerk of the Superior Court of his county shall swear to be necessary for the safe conveyance of the convicts, to be paid by the board of commissioners of the county in which the criminal proceedings were instituted." It is manifest that there must be a new trial awarded upon the first question presented in order that proper facts may be found and proper adjudication made thereon, not necessarily on a mileage basis.

The answer to the second question presented depends upon an interpretation of chapter 329, Public-Local Laws of 1925, the pertinent portion of which reads: "SECTION 1. That the compensation of the officers of Swain County shall be as follows: . . . The sheriff shall receive for his services as sheriff the fees of his office, and for his services as tax collector he shall receive three thousand two hundred and fifty dollars per annum, payable in equal monthly installments; . . ." We think it is clear that the services for which the plaintiff asks judgment, namely, advertising and selling land for delinquent taxes, preparation of land-sale certificates, and entering land sales upon land-sale register, were performed in pursuit of his duties as tax collector, and that compensation therefor was included in his salary as tax collector, and for that reason the plaintiff is not entitled to recover the fees provided for such services by C. S., 8009. The judgment of the Superior Court as it relates to the second question presented must therefore be reversed.

New trial in part.

Reversed in part.